IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>10 S. Howard Street<br>Third Floor<br>Baltimore, MD 21201<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ACCURATE INSULATION, LLC<br>15121 Marlboro Pike<br>Upper Marlboro, MD 20772<br><br>　　　　　Defendant. | )<br>)<br>)<br>)   CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>)   **COMPLAINT AND**<br>)   **JURY TRIAL DEMAND**<br>)<br>)<br>)<br>)<br>)<br>) |

## NATURE OF THE ACTION

This is an action instituted by the U.S. Equal Employment Opportunity Commission ("The Commission") to enforce provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (1964) et seq. ("Title VII"). The Commission alleges that Felecia Cooper, Lamont Womack, Charles Briscoe, Elton Morgan, and other aggrieved individuals (the "Aggrieved Individuals") were discriminated against on the basis of their race. The Commission further alleges that Accurate Insulation, LLC ("Defendant") subjected Cooper to sexual harassment in the form of repeated, unwanted, sexually-offensive remarks and sexual advances from a supervisor. Moreover, the Commission alleges that Defendant reduced the aggrieved individuals work hours on the basis of their race, resulting in their terminations. Finally, the Commission alleges that Defendant terminated the aggrieved individuals in retaliation for their complaints of discrimination. As a result of the above allegations, the aggrieved individuals suffered monetary damages as well as emotional distress.

## JURISDICTION AND VENUE

1. The Commission invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a (1991).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII; it is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), as amended.

4. At all relevant times Defendant Accurate Insulation LLC, a Maryland limited liability company with its principal place of business at 15121 Marlboro Pike, Upper Marlboro, Maryland 20772 has continuously been doing business in the State of Maryland and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h), as amended.

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit Cooper, Womack, Briscoe, and Morgan filed charges with the Commission alleging that Defendant violated Title VII. All conditions precedent to this lawsuit have been fulfilled.

7. Since at least December 2005, Defendant engaged in unlawful employment practices in its Upper Marlboro facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), discriminating against Cooper, Womack, Briscoe, Morgan, and other aggrieved individuals on the basis of their race (African-American) and discriminating against Cooper on the basis of her sex (female) as follows:

    a. Defendant devised a plan to decrease costs by making its labor force exclusively Latino.

    b. In executing this plan, Defendant discriminated against its African-American employees, Cooper, Womack, Briscoe, Morgan, and other aggrieved individuals with regard to the quality and quantity of work assigned to them.

    c. Defendant's management made unwanted sexual advances and statements of a sexually offensive nature to Cooper, creating a sexually hostile work environment.

    d. Defendant terminated its African American employees, Cooper, Womack, Briscoe, and Morgan, and other aggrieved individuals, because of their race.

8. Since at least December 2005, Defendant engaged in unlawful employment practices in its Upper Marlboro facility in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000e-3, retaliating against the aggrieved individuals because of their complaints of discrimination as follows:

    a. Cooper, Womack, Briscoe, and Morgan complained to Defendant's management and filed changes of discrimination with the EEOC.

    b. Defendant reduced the work hours of the aggrieved individuals and eventually terminated them for opposing practices made unlawful by Title VII.

9. The effects of the practices complained of in paragraphs 7 and 8 have been to deprive the aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their race, Cooper's sex, and because of their engaging in protected activity.

10. The unlawful employment practices complained of in paragraphs 7 and 8 were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 were done with malice or with reckless indifference to the aggrieved individuals' federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in sexual harassment.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in discriminatory employment practices on the basis of race.

C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from retaliating against any employee for opposing practices made unlawful by Title VII.

D. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, which provide for a harassment-free work environment, and which eradicate the effects of their past and present unlawful employment practices.

E. Order Defendant to institute and carry out anti-race-discrimination, anti-retaliation, and anti-sexual harassment policies and complaint procedures.

F. Order Defendant to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of their policies against discrimination, harassment, and retaliation.

G. Order Defendant to institute and carry out training programs which shall promote employee and supervisor accountability, imposing on all personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination. The training shall instruct all employees to report any incidents and/or complaints of unfair discrimination, harassment, or retaliation of which they become aware to the department charged with handling such complaints.

H. Order Defendant to post equal employment opportunity notices in conspicuous locations at all of its facilities.

I. Order Defendant to make Cooper, Womack, Briscoe, Morgan, and other aggrieved individuals whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

J. Order Defendant to make Cooper, Womack, Briscoe, Morgan, and other aggrieved individuals whole by providing compensation for past and future pecuniary losses resulting from

the unlawful employment practices described in paragraphs 7 and 8, in amounts to be determined at trial.

K. Order Defendant to make Cooper, Womack, Briscoe, Morgan, and other aggrieved individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8, including emotional pain, suffering, depression, anxiety, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

L. Grant such further relief as the Court deems necessary, proper, and in the public interest.

M. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in its complaint.

Respectfully Submitted:

JAMES L. LEE
Deputy General Counsel
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington, D.C. 20507

DEBRA LAWRENCE (Fed. Bar # 04312)
Acting Regional Attorney

JOHN ALVIN HENDERSON (Fed. Bar # 28419)
Trial Attorney

- 6 -

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, Third Floor
Baltimore, MD 21201
(410) 209-2246
(410) 962-4270 (FAX)
John.henderson@eeoc.gov (E-MAIL)